UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LEROY DAVIS** | **DOCKET NO. 1:17-CV-0327-P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **GIL RORABACK, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Leroy Davis ("Davis") (#196448), who is proceeding *in forma pauperis*. Davis is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Jackson Parish Correctional Center. (Doc. 5). He complains that his constitutional rights were violated when he was housed at the Caddo Correctional Center ("CCC"). Davis names as defendants Captain Gilbert Roraback, Nurse Supervisor Kim Tyler, Kitchen Supervisor Mr. Edwards, and Sheriff Steve Prator.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Background**

Petitioner alleges that, on December 20, 2016, he was housed in the transitional work release program complex, which is directed by Defendant Rorabeck. Davis applied for entry in the carpentry class. His request was denied by Defendant Rorabeck. (Doc.1, p. 5). Defendant Rorabeck advised Davis that the denial was due to Davis's offender classification. (Doc. 1, p. 5). After complaining, Davis was allowed to enroll in the carpentry class. (Doc. 1, p. 5). However, the following day, Davis was pulled from the class and informed by Defendant Rorabeck that he was not allowed in the work release building because he is serving consecutive sentences. (Doc. 1, p. 5). Petitioner wrote to Defendant Rorabeck objecting because other inmates with consecutive sentences were in the same

class. (Doc. 1, p. 5-6). The next day, Davis was transferred from Caddo to Caldwell Correctional Center, which is over three hours away from his family. (Doc. 1, p. 6).

Davis also complains that, on January 2, 2017, he made a sick call due to "a pre-existing condition" of a "growth and swelling" on Davis's left ankle and heel. (Doc. 1, p. 7). Davis's request for pain-reliever was denied by Nurse Tyler. Defendant Tyler allegedly told Davis that he would be transferred if he continued to make sick calls without paying anything on his existing medical debt. (Doc. 1, p. 7). Nonetheless, Nurse Tyler placed Davis on the sick call list to see the doctor on January 5, 2017. (Doc. 1, p. 7). However, on that date, Davis was transferred to Caldwell Correctional Center before he could see the doctor. (Doc. 1, p. 7).

Finally, Davis complains that on January 4, 2017, he was threatened by Defendant Edwards. (Doc. 1, p. 8).

## Law and Analysis

**1.     Screening**

Plaintiff is a prisoner proceeding *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke

v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**2.     Carpentry Program and Transfer**

Davis complains that he was not allowed to participate in the carpentry class at Caddo Correctional Center. However, a prison inmate has no constitutional right to participate in educational, vocational, or rehabilitative programs. See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); Lato v. Attorney General, 773 F.Supp. 973, 978 (W.D.Tex. 1991). Because Davis has no right to educational or vocational programs, he can not state a constitutional claim against Defendant Rorabeck.

Likewise, Davis fails to state a claim about his transfer for a facility that is three hours away from his family. A prisoner has no constitutional right to be housed in a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 244-46. The transfer of a prisoner from one prison to another does not impose atypical or significant hardships in relation to the ordinary incidents of prison life and, thus, it is not actionable as a deprivation of constitutionally protected liberties. See Olim, 461 U.S. at 245-46; Sandin v. Conner, 515 U.S. 472, 484 (1995).

### 3. Medical Care

Davis alleges that, on January 2, 2017, he made a sick call and was seen by Nurse Supervisor Kim Tyler. (Doc. 1, p. 7). Davis claims that Defendant Tyler denied his request for a pain medication for his "pre-existing condition" of "a growth and swelling" oh his left ankle and heel. (Doc. 1, p. 7). Defendant Tyler allegedly informed Davis that he was reporting to sick call too often and had not been paying on his "existing debt" for his medical care. Despite her remarks about his mounting medical charges, Defendant Tyler scheduled Davis to see the physician on January 5, 2017. (Doc. 1, p. 7). However, Davis was transferred before his appointment.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Although Defendant Tyler allegedly made comments about Davis's increasing medical charges, Davis does not claim that he was actually denied medical care due to his failure to pay. In fact, he states that, after her remarks about his charges, Defendant Tyler placed Davis on the call-out list to see the doctor on January 5, 2017. (Doc. 1, p. 7). Thus, Defendant Tyler did not ignore Davis's complaints.

Davis requests only punitive damages for Defendant Tyler's actions. Punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. See Williams v. Kaufman Cty., 352 F.3d 994, 1015 (5th Cir. 2003) (internal quotation marks omitted) (quoting La. ACORN Fair Housing v. LeBlanc, 211 F.3d 298, 303 (5th Cir. 2000)). Davis states that he has an ongoing "pre-existing" condition for which he often seeks medical treatment. Defendant Tyler's failure to provide pain relief does not rise to the standard of callous indifference to Davis's constitutional rights.

**4.     Threats by Defendant Edwards**

Davis alleges that he and other inmates were called to the kitchen by Ms. Farris because a door had been opened, triggering an alarm. (Doc. 1, p. 8). Davis told Ms. Farris that Defendant Edwards was present when the door was opened, and Davis questioned why Ms. Farris was discussing the issue with them rather than Mr. Edwards. (Doc. 1, p. 8). Edwards responded by cursing and making derogatory comments to Davis. Defendant Edwards also advanced toward Davis "in a very aggressive manner." Ms. Farris stepped in between Defendant Edwards and Davis and told Defendant Edwards to calm down. (Doc. 1, p. 8).

Verbal abuse, threatening language, and gestures do not amount to a constitutional violation. See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); see also McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (threatening language and gestures of custodial officer does not amount to constitutional violation). Therefore, Davis does not state a constitutional claim against Defendant Edwards.

## Conclusion

For the foregoing reasons**, IT IS RECOMMENDED** that Davis's complaint be **DENIED**

**AND DISMISSED WITH PREJUDICE** pursuant to § 1915(e)(2)(B) and § 1915A(b).

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** in Monroe, Louisiana, this 20th day of March, 2017.

**Karen L. Hayes**
**United States Magistrate Judge**